FILED

MAR 17 2017

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA, )
Plaintiff, )
vs. )
ALEX A. TOPAL , )
Defendant. )

CASE NUMBER: 17-MJ-3038-DGW

## CRIMINAL COMPLAINT

I, Special Agent Ryan Jones #9998, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

## COUNT 1

### DISTRIBUTION OF METHAMPHETAMINE

On or about March 16, 2017, in Madison County, within the Southern District of Illinois, and elsewhere,

**ALEX A. TOPAL,**

defendant herein, did knowingly and intentionally distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## AFFIDAVIT

I further state that I am a Detective with the Granite City (IL) Police Department currently assigned as a Special Agent with the Metropolitan Enforcement Group of Southwestern Illinois (MEGSI). I have been a Special Agent with MEGSI since December 2014. Since August 2009,

I have been a police officer employed by the Granite City (IL) Police. During my tenure with MEGSI and the Granite City Police Department, I have participated in numerous narcotics investigations involving the manufacture, transportation, and distribution of controlled substances. These investigations have resulted in the seizure of controlled substances and proceeds from the sale of controlled substances, as well as arrests and convictions of drug traffickers. I make this complaint based on the following facts:

The Metropolitan Enforcement Group of Southwestern Illinois (MEGSI) has been investigating Alex A. Topal for distributing methamphetamine in Southern Illinois. On Monday, March 13, 2017, I was contacted by Special Agent Greg Cowell of the South Central Illinois Drug Task Force (SCIDTF) in reference to SCIDTF Confidential Source (CS) #16-15738CL. S/A Cowell knew of MEGSI's investigation of Topal from previous inter-agency cooperation and advised SCIDTF CS 16-15738CL was a previous client of Topal's. S/A Cowell arranged for CS 16-15738CL and I to meet for purposes of discussing Topal's distribution of methamphetamine.

Later on March 13, 2017, I spoke with CS 16-15738CL via phone. CS 16-15738CL advised he/she has been purchasing methamphetamine from Topal for approximately one year. CS 16-15738CL stated that during this period, he/she purchased methamphetamine from Topal approximately once or twice per week until the end of November 2016. Throughout that period, CS 16-15738CL purchased between one gram and one ounce of methamphetamine at a time, with his/her normal purchase being approximately 3.5 grams of methamphetamine. Topal charged $40.00 for one gram of methamphetamine and $175.00 for 3.5 grams. CS 16-15738CL could not remember a consistent purchase price for one ounce of methamphetamine because he/she rarely purchased such an amount. CS 16-15738CL had not dealt with Topal since the end November 2016 due to arrests of both CS 16-15738CL and Topal on separate incidents. CS 16-15738CL

stated he/she had spoken with Topal in January 2017 to arrange the purchase of methamphetamine, but never completed a purchase.

On Tuesday, March 14, 2017, CS 16-15738CL advised he/she had been in contact with Topal, who informed him/her he was still distributing methamphetamine. CS 16-15738CL arranged to purchase methamphetamine from Topal later in the week.

On Thursday, March 16, 2017, CS 16-15738CL arranged to purchase two grams of methamphetamine from Topal for $100.00 at my direction. At approximately 1400 hours, I held an operational briefing at the Illinois State Police District 11 Headquarters in reference to this controlled purchase. It was determined S/A Robert Patterson would drive CS 16-15738CL to the deal location and remain in his assigned undercover vehicle (UCV) while CS 16-15738CL completed the controlled purchase. S/A Patterson and I then met with CS 16-15738CL at District 11 Headquarters, where I searched CS 16-15738CL for drugs and money, finding none. I then issued CS 16-15738CL $100.00 in pre-recorded Official Advanced Funds (OAF). CS 16-15738CL contacted Topal via phone, and Topal instructed CS 16-15738CL to meet him at "Flying J" in Pontoon Beach, Illinois (1310 E Chain of Rocks Rd). A short time later, Topal changed the deal location to Aspen Dental in Glen Carbon (3024 Rt 159, Glen Carbon, Illinois) due to Topal's having an appointment there. Surveillance units then responded to the area. Once surveillance units were in place, S/A Patterson transported CS 16-15738CL to the area.

While en route to the target location, CS 16-15738CL was contacted by Topal who advised he was late for his appointment and was going inside the business. Topal advised CS 16-15738CL there was a female waiting in his vehicle (who was later identified as Candice R. Howie, a white female born August 10, 1981). Topal instructed CS 16-15738CL to meet with Howie and that

she would conduct the sale on Topal's behalf. Topal then described his vehicle as a red Chevrolet Impala. A short time later, surveillance units located a red Chevrolet Impala bearing Illinois temporary registration 892S371, on the Aspen Dental parking lot. The vehicle was occupied by Howie, who was in the front passenger's seat.

Once S/A Patterson and CS 16-15738CL arrived on the lot, CS 16-15738CL exited S/A Patterson's UCV and approached the Impala. CS 16-15738CL entered the driver's seat of the vehicle and could be seen speaking with Howie. Approximately two minutes later, CS 16-15738CL exited the vehicle and returned to S/A Patterson's UCV. There CS 16-15738CL turned over to S/A Patterson a small, sealed plastic baggie containing suspected methamphetamine. This baggie was later found to weigh approximately 2.23 grams and the contents field tested positive for the presence of methamphetamine. CS 16-15738CL also advised S/A Patterson there was a significant amount of additional methamphetamine in the vehicle. At that time, it was determined that MEGSI agents would take Topal into custody on an outstanding St Clair County, Illinois warrant (17-CF-30701: Unlawful Possession of Methamphetamine) once Topal exited Aspen Dental.

Surveillance units maintained visual contact with the vehicle until Topal returned to it. A designated arrest team then made contact with Topal and Howie and took both subjects into custody. Topal immediately stated he wanted to be cooperative and take ownership of the "illegal items" in the vehicle. Topal advised he was the owner of the vehicle and provided written consent for agents to search it. Topal then indicated there was "dope" in a small, black and white handbag inside the vehicle. I located a bag matching that description and showed it to Topal. Topal confirmed it was the bag he had described. Inside the bag, I located two plastic baggies containing

a crystal substance I recognized through my training and experience as consistent with methamphetamine. One baggie was later found to weigh approximately 1.32 grams and the other was found to weigh approximately 50.06 grams. The contents of both baggies later field tested positive for the presence of methamphetamine.

S/A Charlie Bair and I later conducted audio/video recorded interviews with Topal and Howie at the Madison County Jail. During Howie's interview, she stated she knows Topal to both sell and use methamphetamine. She stated she frequently uses methamphetamine with Topal and that she purchases methamphetamine from him for her own use. Howie stated she normally purchases approximately 0.5 grams at a time, but frequently sees Topal with what she estimates to be an ounce of methamphetamine at a time. Howie also stated Topal has sold methamphetamine in her presence on previous occasions but she refuses to sell methamphetamine on his behalf.

During Topal's interview, he confirmed his cooperation on scene and his knowing and willful consent to search his vehicle. Topal also took ownership of the methamphetamine located in the black and white handbag. He stated he was provided that methamphetamine without payment by a male subject in Collinsville, Illinois on Wednesday, March 15, 2017. He was to provide the male $1,400.00 as payment for the methamphetamine once he had sold it. Topal also stated he was supposed to meet a female named Ashley at Aspen Dental for the purpose of selling methamphetamine to her, but that she had not arrived prior to him entering the dentist office. Topal stated Howie may have been aware of the methamphetamine in his vehicle, but that she is not involved with his sales of it.

FURTHER AFFIANT SAYETH NAUGHT.

#9998

RYAN JONES
Special Agent
Metropolitan Enforcement Group of
Southwestern Illinois

State of Illinois )
) SS.
County of St. Clair )

Sworn to before me, and subscribed in my presence on the 17th day of March, 2017, at East St. Louis, Illinois.

DONALD G. WILKERSON
United States Magistrate Judge

DONALD S. BOYCE
United States Attorney

for Dan Kapsak

DANIEL T. KAPSAK
Assistant United States Attorney